CLD-282                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2824
_____

LAWRENCE COLON,
                                        Appellant

v.

LT. T. FRONTINO; FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No.  12-cv-00834)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012
Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed:  October 17, 2012)
_____

OPINION
_____

PER CURIAM

        Pro se Appellant Lawrence Colon, a federal inmate, appeals the District Court's

order dismissing his civil rights suit seeking damages and injunctive relief under Bivens

v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

For the reasons that follow, we will summarily affirm.

In his Bivens action, Colon alleged that Appellee Frontino, an official at the United States Penitentiary-Allenwood, assaulted him in violation of his Eighth Amendment rights. The Magistrate Judge issued a report and recommendation indicating that the action should be dismissed because Colon had not exhausted his administrative remedies. In an order entered June 11, 2012, the District Court adopted the report and recommendation, and dismissed the action without prejudice. Colon timely appealed.

We exercise plenary review over the District Court's dismissal of the complaint for failure to exhaust administrative remedies. See Jenkins v. Morton, 148 F.3d 257, 259 (3d Cir. 1998). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to federal prisoners, like Colon, seeking relief through a Bivens action. Nyhius v. Reno, 204 F.3d 65, 69 (3d Cir. 2000). Colon conceded in his complaint that, although he had commenced the inmate grievance process, it had not yet been completed. Therefore, the District Court properly dismissed the complaint for failure to exhaust administrative remedies.

Accordingly, because we conclude that this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.